UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICK E. TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JADE MANAGEMENT INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO. 3:23-00930<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendant Jade Management Inc. ("Jade"). (Doc. 13). Plaintiff Erick E. Torres ("Torres"), proceeding *pro se*, initiated this action on June 7, 2023, by filing a complaint against Jade alleging violations of Title VII of the Civil Rights Act of 1964. ("Title VII"). (Doc. 1). Torres filed the requisite Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") filings on May 4, 2021. (Doc. 1, at 4-5). He received his right to sue notice on March 10, 2023. (Doc. 1, at 3). Torres then timely filed his complaint on June 7, 2023. (Doc. 1).

In his complaint, Torres alleges Jade discriminated against him because of his Hispanic/Latino national origin. (Doc. 1, at 5). As relief, Torres requests injunctive relief and monetary damages. (Doc. 1, at 2). On September 15, 2023, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 15).

Jade filed a motion to dismiss for failure to state a claim and a brief in support on August 8, 2023. (Doc. 13; Doc. 14). Torres failed to file a brief in opposition in the allotted

21 days. On September 20, 2023, the Court issued a Show Cause Order directing Torres to file a brief in opposition by October 4, 2023. Torres failed to timely respond to the Court's Show Cause Order. (Doc. 16). On December 7, 2023, Jade filed a reply brief. (Doc. 17). On January 8, 2024, Torres filed an untimely brief in opposition to Defendants motion to dismiss. (Doc. 18). On January 11, 2024, Jade replied to Torres's untimely brief in opposition. (Doc. 19). For the following reasons, Jade's motion to dismiss shall be **GRANTED**. (Doc. 13).

## I.  LEGAL STANDARD

### A.  MOTION TO DISMISS STANDARD

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d 336 at 347.

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"

and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

> B. UNOPPOSED MOTION TO DISMISS

As recognized by Jade in its reply brief, under the Local Rules of this Court, Torres should be deemed not to oppose Jade's motion to dismiss since he has failed to timely oppose the motion. (Doc. 17, at 2); *See* L.R. 7.6. Local Rule 7.6 imposes an affirmative duty on a litigant to respond to motions and provides that "[a]ny party who fails to comply with this rule shall be deemed not to oppose which motion." At the time that he filed his complaint, Torres received a copy of the Court's Standing Practice Order, which set forth his obligations with respect to responding to a motion. (Doc. 4). He was thus informed of his obligation to abide by the briefing deadlines set in this case. (Doc. 4).

Torres did not comply with Local Rule 7.6 or the Court's September 20, 2023, Show Cause Order in which he as directed to file an opposition brief on or before October 4, 2023. (Doc. 16). This procedural default compels the Court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits wherever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ."
>
> *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998).

With this basic truth in mind, the Court acknowledges a fundamental guiding tenant of the legal system. A failure on the Court's part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" *Lease*, 712 F. Supp. 2d at 371. Therefore, the Court is obligated to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

In this case, Torres failed to file a brief in opposition in accordance with the Court's deadlines, even after being ordered to do so. (Doc. 16; Doc. 17, at 2; Doc. 18). Additionally, in his untimely brief in opposition, which he filed on January 8, 2023, over three months after the October 4, 2023 deadline set in the Court's Show Cause Order, Torres fails to address any of Defendants' arguments. (Doc. 18). Instead, he states only that he disagrees with Defendants' motion to dismiss "Because There Was Discrimination From Being Employed With Jade Management Inc." (Doc. 18, at 1). In replying to Torres's brief in opposition, Jade asserts that, even considering the less stringent standards *pro se* litigants are afforded, they must still plead a sufficient claim and abide by "the same rules that apply to all other litigants" (Doc. 19, at 1). The Court agrees.

Considering Torres's failure to timely file a brief in opposition and the prejudice faced by Defendants if the Court were to allow Torres to disregard the already liberal pleading standard and rules set for *pro se* litigants, the Court is compelled to deem Jade's motions to dismiss unopposed. (Doc. 13). Although Torres is deemed not to have opposed Jade's motion,

the Court will review Jade's motion to dismiss on the merits because it is clear from the face of the complaint that Torres' claims are subject to dismissal. (Doc. 1; Doc. 13).

## II. DISCUSSION

Jade submits that Torres fails to sufficiently allege he was discriminated or retaliated against in violation of Title VII. (Doc. 14, at 4, 6, 7). Title VII prohibits discrimination in employment based on, among other things, race, gender, sex, and national origin. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). To survive a motion to dismiss on a Title VII claim, the plaintiff "need only set forth sufficient facts to raise a reasonable expectation that discovery will reveal evidence that [the plaintiff] was a member of a protected class and that she suffered an adverse employment action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016). "[D]etailed pleading is not generally required" but the plausibility standard requires that pleading show "'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly*, 809 F.3d at 786 (quoting *Iqbal*, 556 U.S. at 678). Considering this standard and Torres's complaint in its entirety, the Court finds that Torres fails to state a claim upon which relief may be granted. (Doc. 1; Doc. 13; Doc. 14).

### A. TITLE VII NATIONAL ORIGIN DISCRIMINATION

To sufficiently allege discrimination based on national origin under Title VII, Torres must contend: "(1) he is a member of a protected class; (2) he [was] qualified for [his] position; (3) he suffered an adverse employment action; and (4) members outside the protected class were treated more favorably or the adverse employment action occurred under circumstances that could give rise to an inference of intentional discrimination." *Nelatury v. Pennsylvania State Univ.*, 633 F. Supp. 3d 716, 734 (W.D. Pa. 2022). "General allegations of discrimination based

on national origin lacking specificity and lacking any reasonable nexus are insufficient [to survive dismissal]." *Elmarakaby v. Wyeth Pharmaceuticals, Inc.*, No. 09–1784, 2015 WL 1456686, at * 7 (E.D.Pa. Mar. 30 2015). Torres alleges he was fired because of his national origin. (Doc. 1, at 5). Jade asserts that Torres "has offered no support, in any form, for the proposition that Defendant discriminated against him based on his national origin." (Doc. 14, at 5). Further, Jade aruges that Torres's complaint supports that he was fired because of his unexcused absences. (Doc. 14, at 5). The Court agrees. Torres does not alleged any facts establishing that his national origin had anything to do with his firing. (Doc. 1). Instead, he makes a conclusory assertion that is insufficient to meet his pleading burden. (Doc. 1); *see Cassidy v. Pocono Med. Ctr.*, No. 3:12-CV-1191, 2012 WL 5197943, at *5 (M.D. Pa. Oct. 19, 2012) (finding plaintiff's conclusory allegations that they were treated less favorably than coworkers because of their national origin was insufficient to establish a prima facie case of discrimination to survive a motion to dismiss). Accordingly, Torres has not sufficiently pled he was discriminated because of his national origin in violation of Title VII and therefore this claim is **DISMISSED WITHOUT PREJUDICE**. See *Brzozowski v. Pennsylvania Tpk. Comm'n,* 165 F. Supp. 3d 251, 260-61 (E.D. Pa. 2016), *aff'd as modified*, 738 F. App'x 731 (3d Cir. 2018) (dismissing a Title VII national origin discrimination claim based on bare assertions that adverse acts were based on the plaintiff's national origin). (Doc. 1, at 5).

  B. Title VII Retaliation

  To sufficiently plead a claim for retaliation, Torres must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: "(1) [he] engaged in conduct protected by Title VII; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and

the employer's adverse action." *Connelly,* 809 F.3d at 789. In his complaint, Torres provides only that he was "terminated in retaliation in violation of Title VII[.]" (Doc. 1, at 5). Jade argues Torres failed to establish a *prima facie* case of retaliation because "his Complaint is silent as to any protected activity allegedly taken," and thus does not establish a "but for" connection between any protected activity and his termination. (Doc. 14, at 6). Again, the Court agrees. Whereas Torres's termination certainly qualifies as an adverse act, Torres has not satisfied the liberal pleading standard to establish a causal link between his exercising a protected activity and his termination. (Doc. 1); *see LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n,* 503 F.3d 217, 232 (3d Cir.2007) (providing termination of employment suffices as an adverse act). First, he does not allege he engaged in a protected activity. (Doc. 1); *see Ferra v. Potter,* 324 F. App'x 189, 192 (3d Cir. 2009) (defining protected activity in the Title VII retaliation context as participation in Title VII proceedings and openly opposing discrimination made unlawful by Title VII and quoting *Moore v. City of Philadelphia,* 461 F.3d 331, 341–42 (3d Cir. 2006)). Not once in Torres's complaint does he allege he openly opposed discrimination at his workplace based on his national origin or that he was terminated because of this opposition. (Doc. 1); *see Davis v. City of Newark,* 417 F. App'x 201, 203 (3d Cir. 2011) (affirming the district court's dismissal of a retaliation claim where the plaintiff failed to claim she was retaliated against for complaining about discrimination in violation of Title VII). Therefore, Torres has not established a causal link between his termination and a protected activity as is required to allege a retaliation claim under Title VII. Accordingly, Torres's Title VII retaliation claim is **DISMISSED WITHOUT PREJUDICE**. (Doc. 1).

### III. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

In this case, it is not apparent that amendment would be futile with respect to Torres's claims brought under Title VII. Torres will be given the opportunity to submit an amended complaint that is complete in all respects. The amended complaint must be a pleading that stands by itself without reference to earlier pleadings. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must also specify, in a coherent fashion, how the Defendant contributed to the allegations giving rise to the complaint. Moreover, it must be "simple, concise, and direct" as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. The amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a[n understandable] demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). Failure to comply with these requirements may result in the recommendation that this action be dismissed in its entirety.

### IV. CONCLUSION

For the foregoing reasons, Jade's motion to dismiss is **GRANTED** and Torres' claims are **DISMISSED WITHOUT PREJUDICE**. (Doc. 13). The Court grants Torres leave to file a curative amended complaint within 28 days of this Order, or on or before February 16, 2024.

An appropriate Order follows.

BY THE COURT:

Dated: January 19, 2024        *s/ Karoline Mehalchick*
                               **KAROLINE MEHALCHICK**
                               **Chief United States Magistrate Judge**